County of Winnebago, State of Illinois, Petitioner, Counter-Defendant, Appellee, v. Clara M. Kennedy, a Widow, Defendant, Counter-Plaintiff, Appellant, and The Federal Land Bank of St. Louis, as Mortgagee, Defendant.

Gen. No. 64–104.

Second District.

June 21, 1965.

Rehearing denied July 19, 1965.

Smith & Penniman, of Rockford, for appellant.

William R. Nash, State's Attorney, of Rockford, (William H. Gates, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This is a condemnation case in which the appellee, County of Winnebago, sought to take certain lands for the purpose of reconstructing and relocating Coun-

ty Highway 61. The defendant-appellant, Clara M. Kennedy, was the owner of a tract of land which abutted the proposed highway improvement, and the condemnation petition described a portion of that tract as property to be taken.

The defendant filed a verified cross-petition in which she alleged that, in addition to the portion of her land described in the petition, the remainder of her land would be irreparably damaged by reason of flooding which would result from an alteration in the natural drainage of rainwater which had previously existed along the road. She alleged that the County intended to construct a culvert under the road and divert surface water onto her land, where it would ". . . cause flooding conditions, would prevent the use of said land by defendant, counterplaintiff, and would cause irreparable damage to the use of the land and to the buildings thereon." Defendant further alleged in this cross-petition that the intended diversion of surface water amounted to a taking of her land, and the prayer of the cross-petition was that an injunction issue against the County, prohibiting construction of the proposed culvert and prohibiting any other acts which would divert the flow of surface water onto the portion of her premises not described in the petition.

The County filed a motion to strike defendant's cross-petition. The motion asserted:

> "That the cross-petition for temporary and permanent injunction is an improper pleading in a suit for condemnation of property because the facts alleged in said pleadings are mere allegations of damages and this is a proper element for a jury to decide; that defendant has an adequate remedy at law in the condemnation proceedings."

410

No other objection was made to the form or sufficiency of the cross-petition. On August 27, 1964, the court entered an order allowing the County's motion and striking the cross-petition.

The issue before us is whether defendant's cross-petition was properly stricken. The defendant argues that the action of the trial court was improper, because the cross-petition alleges an attempt by the County to take a portion of her land without just compensation, and that such allegations were sufficient to entitle her to an injunction. The County, on the other hand, argues that the cross-petition merely alleged damage to the remainder of defendant's property, for which damage the defendant had an adequate remedy in the condemnation proceedings.

■ ■ We agree with defendant that since the condemnation petition did not describe the portion of her land which is in question here, and did not seek to take that portion of her land, the court was without jurisdiction to enter any judgment which would give the County any right or title to that portion of the land. We also agree with the County that, if there was to be no "taking" of this portion of defendant's land, but only consequential "damage" to it, then defendant did have an adequate remedy in the condemnation case and had no right to an injunction.

■ ■ It is, of course, clear that the law does afford redress to a landowner when a public authority alters the course of natural drainage so as to divert the flow of water onto private land. One remedy under these circumstances is an action for damages. Jacksonville, N. W. & S. E. R. Co. v. Cox, 91 Ill 500 (1879); Toledo, W. & W. R. Co. v. Morrison, 71 Ill 616 (1874); City of Aurora v. Reed, 57 Ill 29 (1870); Cooper v. City of Johnston City, 173 Ill App 470 (4th dist. 1912). An action for damages is not, however, the exclusive

remedy. In the alternative, a landowner may be entitled to an injunction where it appears that his land is to be taken by a public body without proper authority. Elser v. Village of Gross Point, 223 Ill 230, 241–242, 79 NE 27 (1906); Springer v. City of Chicago, 308 Ill 356, 364, 139 NE 414 (1923).

 The test of whether there is a "taking" of property is whether there is "an actual physical invasion of the tangible property." Horn v. The City of Chicago, 403 Ill 549, 554, 87 NE2d 642 (1949). A "physical invasion", in turn, can take place "even though there has been no attempt by the sovereign authority to appropriate and use the real estate for public purposes, . . . if, as a necessary result of the construction, maintenance or operation of a public improvement, the real estate is physically invaded by superinduced additions of water, earth, sand, or other materials, so as to effectually destroy or impair its usefulness. . . ." In such a case, ". . . it is a taking within the meaning of the constitution." Ibid. The diversion of surface water onto property by means of altering the natural drainage can constitute a taking. Elser v. Village of Gross Point and Springer v. City of Chicago, supra. Whether the diversion of water onto property constitutes a "taking" of the property, or merely "damage" to it, depends, obviously, upon the facts of the case. Compare, e. g., Elser v. Village of Gross Point, supra, with People v. Rosenfield, 399 Ill 247, 251, 77 NE2d 697 (1948). See also 29A CJS, Eminent Domain, Sec 117 p 474: "Whether occasional flooding is of such frequency, regularity, and permanency as to constitute a taking and not merely a temporary invasion for which the realty owner should be left to possible recovery of damages is a question of degree, and each case must stand on its facts," citing Nelson v. Wilson, 239 Minn 164, 58 NW2d 330 (1953).

■ The ultimate question, then, is whether the cross-petition alleges facts which, if true, would support a finding that the diversion of surface water onto defendant's land would amount to a taking of the land so affected. We note that the cross-petition alleges no facts concerning the probable frequency, duration or amount of the water defendant anticipates from the installation of the culvert. The allegations that the culvert would cause "flooding conditions" does not necessarily imply more than an occasional problem. There are no allegations from which it can be determined whether the flooding will occur after a normal rainfall, or whether, on the other hand, it will occur only after unusually heavy storms. There are no facts alleged from which we can infer anything about the volume of water defendant feels is involved in a "flooding condition," or anything about how long the water will remain on the land. The allegation that the water will prevent the use of the land and buildings by defendant is, again, not necessarily an allegation that the problem is likely to be a frequent or permanent one.

We feel that the sufficiency of defendant's cross-petition is controlled by People v. Rosenfield, supra, 399 Ill 247, 251–252, 77 NE2d 697 (1948), where the court held that allegations similar to those made by defendant's cross-petition were insufficient to warrant the conclusion that a "taking" of property was involved:

> "As to whether the alleged damages are such as to amount to a physical taking of property, we note the allegations that surface waters run into the buildings and make them unfit for the uses to which they are now devoted and will damage or destroy valuable equipment, machinery and supplies therein; that it will be necessary to

413

change the floor levels and that because of the materials of which the buildings are constructed the change of floor levels will require large expenditures of money. It is not alleged that these waters accumulate and remain on the premises and thereby prevent the use thereof, but it is claimed that by reason of their running into the buildings the damages are occasioned. Running surface waters are not constantly present but are temporary and come as a result of rain or snow.

In Kane v. City of Chicago, 392 Ill 172, structural or physical damages to a building resulting from the construction of a public improvement were considered, and we there held that there was no taking of property within the meaning of that term as used in the constitution and in the Eminent Domain Act. In the Kelly case serious injury was alleged and the contention was made that there was a taking by reason of the damages. The damages to the property alleged in that case were as grave in nature as those alleged here. In that case we said, 'We are of the opinion that the case before us does not, on the facts alleged, bring plaintiff's case within the definition of a taking of property by invasion, . . . .' What was there said applies here and in our opinion the allegations of the amended petition are not sufficient to show a taking of any of appellants' property."

We hold that the cross-petition was not sufficiently definite to warrant the injunctive relief sought by defendant, and the judgment of the lower court is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.