JUSTICE REINHARD
 

 delivered the opinion of the court:
 

 Plaintiffs, A. Harold Anderson and William Hutson, appeal from that portion of a December 2, 1982, order of the trial court which granted a motion to dismiss their complaint, which sought damages and injunctive relief, against defendant, the village of Third Lake (village).
 

 The issues we must determine on plaintiffs’ appeal are: (1) whether the notice of injury provision of section 8 — 102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102) is applicable where injunctive relief is ■ sought; (2) whether the notice of injury provision is applicable to the request for damages under the facts of the instant case; (3) whether the limitation period of section 8 — 101 and the notice of injury provision of section 8 — 102 of the Act had not run because the injury was alleged to be continuing or repeated; and (4) whether sufficient notice of injury was given to satisfy section 8 — 102 of the Act.
 

 The village cross-appeals from a portion of the December 2, 1982, order which denied its motion to dismiss the complaint on the alternate basis of the village’s alleged immunity under section 3 — 103(a) of the Act. (Ill. Rev. Stat. 1981, ch. 85, par 3 — 103(a).) While agreeing that the complaint was properly dismissed on its motion for plaintiffs’ failure to give timely notice of injury, the village in its cross-appeal contends that the complaint also should have been dismissed under the immunity provision of section 3 — 103(a) of the Act.
 

 Plaintiffs filed suit on May 13, 1982, against the village and certain individual defendants. In their complaint they alleged that plaintiff Anderson owned land that drained into “the Avon-Fremont Ditch through Third Lake to Mill Creek” and that plaintiff Hutson owned land “located on either side of the Avon-Fremont Ditch extension which drains through Third Lake and down Mill Creek.” Plaintiffs alleged that the water level in the Avon-Fremont Ditch, Third Lake and Mill Creek had been controlled by a concrete dam with a spillway that had an elevation of 761.64 feet above sea level; that a new sheet pile dam had been constructed with a spillway elevation of 764.31 feet; that the old dam had not been removed; that the construction of the new sheet pile dam resulted in a water level in Third Lake of 764.31 feet or more when the radial gate in the dam was closed; that the village obtained a permit from the Illinois Department of Transportation (IDOT) to build the new dam and that in the application for this permit the village stated that the new dam would not “flood or damage adjoining property ***;” that construction had been completed for “nearly two years”; that plaintiffs had made complaints as to the damage to their property by the excessively high level of the lake water because of the improper construction of the sheet pile dam; that IDOT had requested the village to reduce the spillway of the new dam to “763.4 feet MSL 1929 Adj;” and that the village had refused to reduce the spillway.
 

 Plaintiffs alleged that as a result of the construction of the new dam the water is held back in Old Mill Creek, Third Lake and Avon-Fremont Drainage Ditch “causing great damage to plaintiffs’ property and its usage as owned and used by plaintiffs.” Plaintiffs, therefore, sought an injunction ordering the village to remove the old dam and to “reduce the level of the sheet pile dam to maintain the water at its normal elevation of 762.53 feet MSL 1929 Adj. using a correct U.S.G.S. bench mark.” They also sought to enjoin the village from “adding any boards to either the old or new dam or closing the gate on the new dam until the disposition of the law suit.” Plaintiffs additionally sought $10,000 actual damages and $30,000 punitive damages. Exhibits were attached to the complaint which contained legal descriptions of plaintiffs' property and various documents relating to the permit to construct the dam and correspondence about the dam subsequent to its construction.
 

 Defendants moved to dismiss plaintiffs’ complaint claiming, inter alia, that the complaint sought monetary damages against the village without alleging that the notice requirements of section 8 — 102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102) had been met and that the village was immune from suit under section 3 — 103 of the Act because the dam had been approved by IDOT. The motion to dismiss also sought to dismiss the individual defendants from the suit.
 

 The trial court entered an order on December 2, 1982, dismissing the individual defendants, refusing to dismiss the complaint against the village based on immunity, but granting the dismissal for failure to comply with the section 8 — 102 (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102) notice requirements. The plaintiffs have not appealed from the dismissal of the individual defendants.
 

 Initially, we note that in their appellate brief plaintiffs assert that they have the right to injunctive relief against the village under the facts alleged in the complaint. The propriety of mandatory injunctive relief against the village was not raised in the motion to dismiss nor referred to by the trial court in its order, nor has the village, as appellee, raised or addressed this argument in its brief in support of the judgment below. Generally, an issue not raised in the trial court cannot be raised for the first time on review. (People ex rel. Wilcox v. Equity Funding Life Insurance Co. (1975), 61 Ill. 2d 303, 313, 335 N.E.2d 448.) Under the circumstances here, we will not consider an issue not raised by the pleadings and not ruled on in the judgment from which the appeal was taken.
 

 Plaintiffs argue that the trial court erroneously dismissed their complaint because the trial court improperly applied the notice requirement of section 8 — 102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102) to the portion of plaintiffs’ complaint which sought injunctive relief. Plaintiffs contend that the notice requirement of section 8 — 102 only applies to tort actions. They maintain that because their complaint sought injunctive relief, it was not a tort action and, therefore, that no notice was required.
 

 Section 8 — 102 requires that “*** any person who is about to commence any civil action for damages” (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102) against a local public entity must provide notice to that entity within one year from the date of injury or the date the cause of action accrued. Section 8 — 103 provides that if this notice is not given, the person who was injured is forever barred from bringing suit.
 

 No Illinois case appears to have directly addressed the question whether section 8 — 102, or the Local Governmental and Governmental Employees Tort Immunity Act generally, applies to injunction actions. In Kepper v. LaSalle-Peru Township High School District No. 120 (1972), 7 Ill. App. 3d 138, 287 N.E.2d 180, the court applied the notice provision of the act to a suit in which a mandatory injunction was sought, along with other relief, but was not called upon to review whether the request for injunctive relief was not within the Act. In Midwest Bank & Trust Co. v. Village of Lakewood (1983), 113 Ill. App. 3d 962, 973, 447 N.E.2d 1358, the defendant village conceded that the Act did not provide immunity from equitable relief. However, neither case directly addressed whether the Act applied to a request for an injunction.
 

 Several decisions have held the Act to be inapplicable to certain causes of actions. In Firestone v. Fritz (1983), 119 Ill. App. 3d 685, this court held the Act inapplicable where a violation of a constitutional right was alleged rather than a tort. This court also held the Act inapplicable to a suit for compensation for damages resulting from the lawful vacation of a road in Streeter v. County of Winnebago (1976), 44 Ill. App. 3d 392, 357 N.E.2d 1371. We held there that the case had “no element of tort” since the vacation was within the county’s powers. (44 Ill. App. 3d 392, 395, 357 N.E.2d 1371.) In City of Rock Falls v. Chicago Title & Trust Co. (1973), 13 Ill. App. 3d 359, 364, 300 N.E.2d 331, the court held that section 8 — 102 did not apply to a counterclaim asserted against a city where the city first brought suit. In Luker v. Nelson (N.D. Ill. 1972), 341 E Supp. 111, 118, the court held that section 8 — 102 did not apply to civil rights actions brought under 42 U.S.C. sec. 1983. In Stephens v. McBride (1983), 97 Ill. 2d 515, 455 N.E.2d 54, the court held that the notice provisions of the act did not apply to an action for contribution against a local government. None of these cases is dispositive of the question whether the Act, particularly the notice provision, applies to a suit for injunction.
 

 Generally, when construing a statute, the statutory language should be given its plain and ordinary meaning. (Schutzenhofer v. Granite City Steel Co. (1982), 93 Ill. 2d 208, 211-12, 443 N.E.2d 563; Mirabella v. Safeway Insurance Co. (1983), 114 Ill. App. 3d 680, 683, 449 N.E.2d 258.) Section 2 — 101 of the Act provides, in part, that “[njothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee.” (Ill. Rev. Stat. 1981, ch. 85, par. 2 — 101.) Section 8 — 102 requires notice to be given by “*** any person who is about to commence any civil action for damages ***.” (Ill. Rev. Stat. 1981, ch. 85, par. 8 — 102.) The plain and ordinary meaning of the language in these two sections is that the Act, and its section 8 — 102 notice requirements, do not apply to a suit for an injunction because injunctive relief is “*** relief other than damages ***.” (Ill. Rev. Stat. 1981, ch. 85, par. 2 — 101.) Therefore, the trial court erred in dismissing the portion of plaintiffs’ complaint which sought injunctive relief.
 

 Plaintiffs next maintain that as to their request for damages a distinction exists between “common torts which fall under section 8 — 102 and more complex causes of action which do not readily fall within the statutory framework.” They contend that this case involves a “complex” tort and that, therefore, section 8 — 102 does not apply to the damages portion of their complaint.
 

 As discussed above, several cases have held that section 8 — 102 does not apply to certain types of actions. (Luker v. Nelson (N.D. Ill. 1972), 341 F. Supp. 111, 117 (sec. 1983 actions); Stephens v. McBride (1983), 97 Ill. 2d 515, 455 N.E.2d 54 (contribution actions); Firestone v. Fritz (1983), 119 Ill. App. 3d 685 (violation of constitutional rights); Streeter v. County of Winnebago (1976), 44 Ill. App. 3d 392, 357 N.E.2d 1371 (actions not involving a tort); City of Rock Falls v. Chicago Title & Trust Co. (1973), 13 Ill. App. 3d 359, 364, 300 N.E.2d 331 (counterclaims).) However, this action does not fall within any of those categories.
 

 Here, plaintiffs’ complaint seeks damages for an injury inflicted by the allegedly wrongful acts of the village. Plaintiffs seek to recover for “improper construction,” which damaged their property. In a similar case, where flooding was caused by the allegedly negligent design of a culvert system, the court held that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 1 — 101 et seq.) did apply. (Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 1077, 443 N.E.2d 737.) Similarly, we hold that the notice requirement of section 8 — 102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 1 — 101 et seq.) applies to this action for damages allegedly caused by flooding which resulted from the “improper construction” of a dam.
 

 Plaintiffs maintain, however, that assuming their cause of action for damages is a tort action and that it comes within the Act and its notice provision, that the time period for giving notice had not begun to run at the time they filed suit because this case involves a continuing or repeated tort. They contend that sections 8 — 101 and 8 — 102 impose a statute of limitations and that the statute of limitations runs from the “date of the last injury or when the tortious acts cease.” They maintain that their injury is continuing, that the tortious act has not ceased, and, therefore, that the time period has not yet begun to run.
 

 Section 8 — 101 is, by its terms, a statute of limitations and section 8 — 102 has been treated like a statute of limitations. (See Helle v. Brush (1973), 53 Ill. 2d 405, 409, 292 N.E .2d 372; Stephens v. McBride (1982), 105 Ill. App. 3d 880, 885-86, 435 N.E.2d 162, aff’d 97 Ill. 2d 515, 455 N.E .2d 54.) Where a tort involves repeated injury, the limitation period begins to run from the date of the last injury or when the tortious acts cease. Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 1079, 443 N.E.2d 737; City of Rock Falls v. Chicago Title & Trust Co. (1973), 13 Ill. App. 3d 359, 364, 300 N.E .2d 331.
 

 In Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 443 N.E.2d 737, the plaintiff alleged receipt of injury on two separate occasions, one in 1974 and the other in 1980, from the defendant’s negligent design of a culvert system. Both injuries occurred during unusually heavy rainstorms and involved the washing away of plaintiff’s driveway. The court held that the rule applicable to these facts was that each successive injury by overflow gave rise to a separate cause of action and started a new limitations period. 110 Ill. App. 3d 1074, 1078, 443 N.E.2d 737.
 

 Starcevich appears to be an application of the rule established in Jones v. Sanitary District (1911), 252 Ill. 591, 97 N.E. 210, that where the injury was not the necessary, immediate, and direct result of the construction undertaken, but resulted from the recurrent and intermittent overflow of land, then the limitations period runs from the last overflow and only the damages caused by that overflow are compensable in that suit. (See also Firestone v. Fritz (1983), 119 Ill. App. 3d 685.) On the other hand, if the continuance and operation of a permanent structure are necessarily injurious, then the injury is permanent and the limitations period runs from the date that the construction was completed. See Vette v. Sanitary District (1913), 260 Ill. 432, 438, 103 N.E.241.
 

 Plaintiffs’ complaint does not allege the date on which their lands were first flooded nor the dates of any subsequent flooding. The complaint does not allege whether their lands have been continuously flooded since construction of the dam or whether the flooding is intermittent. It is likewise not entirely clear whether plaintiffs contend that the construction of the dam or the operation of the dam’s radial gate is the cause of their injury. This information is necessary to determine whether the period for giving notice under section 8 — 102 has lapsed. (See Vette v. Sanitary District (1913), 260 Ill. 432, 438, 103 N.E. 241; Jones v. Sanitary District (1911), 252 Ill. 591, 97 N.E. 210; Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 443 N.E.2d 737.) Because this information was lacking, the trial court could not as a matter of law determine from the pleadings that the notice period had run. The more appropriate procedure below would have been a motion for a more particular statement (Ill. Rev. Stat. 1981, ch. 110, par. 2— 612) or for a bill of particulars (Ill. Rev. Stat. 1981, ch. 110, par. 2— 607). This matter may be corrected on remand.
 

 Plaintiffs also contend on appeal that they satisfied the notice requirements of section 8 — 102. However, since we hold that the complaint contained insufficient information to ascertain the date of the injury, it is likewise impossible to determine whether the notice plaintiffs assert that they gave occurred within the statutory period for notice. We note also that whether the notice was sufficient to comply with section 8 — 102 is a factual determination which was not addressed or determined below. We decline to review this question on the record before us.
 

 The village has filed a cross-appeal from that portion of the trial court’s order which specifically found that the dam was “not reasonably safe” and which denied the village’s alternate ground for dismissal on the basis of immunity pursuant to section 3 — 103(a) of the Act (Ill. Rev. Stat. 1981, ch. 85, par. 3 — 103(a)). Section 3 — 103(a) provides:
 

 “A local public entity is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction or improvement by the legislative body of such entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. The local public entity is liable, however, if after the execution of such plan or design it appears from its use that it has created a condition that it is not reasonably safe.”
 

 Generally, the denial of a motion to dismiss is not, of itself, a final appealable order. (Jursich v. Arlington Heights Federal Savings & Loan Association (1980), 83 Ill. App. 3d 352, 353, 403 N.E.2d 1260.) Moreover, findings of the trial court adverse to the appellee do not require the appellee’s cross-appeal if the judgment of the trial court was not at least in part against the appellee. (Material Service Corp. v. Department of Revenue (1983), 98 Ill. 2d 382, 387.) Since the village did raise in the trial court the alternate ground for dismissal based upon the immunity provision of section 3 — 103(a), we will consider this argument on appeal to determine if it will sustain the judgment below. A reviewing court is not bound to accept the reasons given by the trial court for its judgment, and the judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct. Material Service Corp. v. Department of Revenue (1983), 98 Ill. 2d 382, 387; Keck v. Keck (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217.
 

 Section 3 — 103(a) provides for immunity for a local public entity for injury attributed to the plan or design of an improvement to public property where such plan or design has been approved by a body or employee exercising discretionary authority to give such approval. The public entity may become liable, however, if after the construction or improvement is completed it appears from its use that an unsafe condition has been created. See Baum, Tort Liability of Local Governments and their Employees, 1966 U. Ill. L.E 981, 1015-16.
 

 Here, from our examination of the entire complaint, and the exhibits attached thereto, it is evident that the crux of plaintiffs’ complaint is not a claim that there was fault in the plan or design of the dam which had been approved by the Department of Transportation. Rather, the allegations in plaintiffs’ complaint appear to go to the issues of improper construction, deviation from the approved plan, and operation of the dam’s radial gate. Thus, though the complaint does not clearly allege when the injury arose, nor precisely how the injury was caused, it is apparent that plaintiffs do not allege that the cause of the injury was the plan or design of the dam. Therefore, the immunity provision is not controlling on these facts (cf. Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 1080, 443 N.E.2d 737), and the alternate immunity argument does not support the judgment dismissing the complaint.
 

 For the foregoing reasons, the order of the circuit court of Lake County dismissing the plaintiffs’ complaint is reversed, the cross-appeal is dismissed, and the cause is remanded for further proceedings.
 

 Reversed and remanded, cross-appeal dismissed.
 

 NASH and LINDBERG, JJ., concur.