**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180292-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| LOWELL H. BESSETTE and DONNA M. BESSETTE, individually and as Trustees of the Bessette Living Trust dated October 23, 2008, | ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiffs-Appellants, | ) ) | Appeal No. 3-18-0292 Circuit No. 14-SC-1891 |
| v. | ) ) ) | |
| THE VILLAGE OF PLAINFIELD, | ) ) | Honorable John Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The plaintiffs' complaint was properly dismissed.

¶ 2     The plaintiffs, Lowell H. Bessette and Donna M. Bessette, appeal the circuit court's granting of the motion to dismiss filed by the defendant, the Village of Plainfield.

¶ 3                                I. BACKGROUND

¶ 4        On March 5, 2014, the plaintiffs filed a small claims complaint against the defendant, alleging that on August 7, 2007, the defendant did some construction work that included installing a fire hydrant on the plaintiffs' property without obtaining an easement or providing just compensation. The plaintiffs subsequently amended their complaint to include claims of trespass, ejectment, and condemnation.

¶ 5        The facts provided that the Illinois Department of Transportation (IDOT) filed suit, and ultimately obtained a right of way and easement on the plaintiffs' property, based on IDOT's expansion of Illinois Route 59. They paid the plaintiffs $5500. IDOT and the defendant entered into an agreement regarding public utilities that needed to be moved based on the Route 59 expansion. The defendant installed a fire hydrant on the plaintiffs' property. The plaintiffs originally believed that the hydrant was within IDOT's easement, but subsequently discovered that it was not.

¶ 6        The defendant filed a motion to dismiss pursuant to sections 2-619(a)(4) and 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4), (5) (West 2014)), arguing that the plaintiffs' claim (1) fell outside of the one-year statute of limitations period for civil actions against a local public entity under section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 2014)) and (2) was barred by *res judicata* based on the IDOT suit granting the necessary right of way. The defendant stated that the plaintiffs knew that the fire hydrant was on their land, outside of the right of way, in July 2011, at the latest. In support of this, the defendant attached two letters. The first was sent from the village president to the plaintiffs on July 28, 2011. The letter stated that a new fire hydrant was placed two feet within the plaintiffs' property, outside of the right of way. It also stated, "I recently received a correspondence from your attorney whereby $2,500 has been requested in consideration

2

for a permanent easement." The defendant offered to pay the plaintiffs $500, as well as pay all fees necessary to record a new easement. The second letter was from the plaintiffs' attorney to the village president dated August 12, 2011, and stated that the plaintiffs were rejecting the offer of $500 and maintaining that $2500 was a fair resolution.

¶ 7 After a hearing on the motion to dismiss, the court granted the motion with prejudice, on the basis that the complaint was filed outside of the statute of limitations. In doing so, the court specifically stated that it did not need to reach the *res judicata* argument.

¶ 8                                                         II. ANALYSIS

¶ 9 On appeal, the plaintiffs argue that the court erred in granting the motion to dismiss. "Under section 2-619(a)(5), a defendant may raise a statute of limitations issue in a motion to dismiss. When a defendant does so, the plaintiff must provide enough facts to avoid application of the statute of limitations." *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84 (1995). We review *de novo* the dismissal of a complaint. *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 6 (2004).

¶ 10 We must first determine which statute of limitations period applies. The court dismissed the complaint as barred by the statute of limitations under section 8-101(a) of the Tort Immunity Act, which provides, "No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."[1] 745 ILCS 10/8-101(a) (West 2014). A local entity includes, *inter alia*, counties, townships, municipalities, and other governmental bodies, such as the defendant. See 745 ILCS

---

[1]Subsection (b) provides an extended period of two to four years for damages for injury or death arising out of patient care. Neither party argues that subsection (b) applies here.

10/1-206 (West 2014). However, the plaintiffs argue that a five-year statute of limitations should apply. The entirety of the plaintiffs' argument is as follows: "And even if the statute has begun to run, in *Horn* [*v.*] *City of Chicago*, 40[3] Ill. 549 *** (1949), our Supreme Court held that a five (5) year statute of limitations applies. *Horn* has not been overruled and remains good law."

¶ 11    Our supreme court has considered the issue of which limitations period should apply when section 8-101(a) conflicts with other statutes of limitation. In *Paszkowski*, the court discussed the case of *Ferguson v. McKenzie*, 202 Ill. 2d 304 (2001), and stated,

> "In *Ferguson*, this court reached agreement as to the legislature's intent with regard to section 8-101. According to *Ferguson*, 'the legislature intended that section 8-101 of the [Tort Immunity] Act apply "*broadly* to *any possible claim* against a local governmental entity and its employees." ' (Emphasis added.) *Ferguson*, 202 Ill. 2d at 312, quoting *Tosado* [*v. Miller*, 188 Ill. 2d 186, 199 (1999)] (Heiple, J., specially concurring). Given the breadth of this intent, we conclude, in keeping with *Ferguson*, that the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitation or repose." *Paszkowski*, 213 Ill. 2d at 12-13.

While the plaintiffs do not provide a citation for the five-year statute of limitations they believe should apply, *Paszkowski* makes clear that the one-year statute of limitations period under section 8-101(a) controls over any other statute of limitations.

¶ 12    In coming to this conclusion, we reject the plaintiffs' reliance on *Horn* for the proposition that a five-year limitations period applies. *Horn*, 403 Ill. at 559-61. *Horn* was decided in 1949 prior to the enactment of the Tort Immunity Act in 1965. See *id.*; 745 ILCS 10/1-101 *et seq.* (West 2014). Moreover, *Horn* did not consider potentially competing statutes of limitations, but solely

4

applied the only limitations period then applicable to the plaintiffs' claim. See *Horn*, 403 Ill. at 559-61.

¶ 13        Having determined that the one-year statute of limitations period under section 8-101(a) of the Tort Immunity Act applies, we must now determine when that period began to run. The plaintiffs argue:

> "[T]he [defendant] remains in violation of the [Illinois Eminent Domain] Act and the Illinois Constitution's prohibition against the taking of private property without just compensation. In short, the wrong is ongoing. As the wrong is ongoing, and the [defendant] continues to use and occupy Plaintiff's property, the statute has not run."

We note that they do not cite any caselaw for this proposition.

> " 'Where a tort involves repeated injury, the statute of limitations in Illinois begins to run from the date of the last injury or when the tortious acts cease.' *Starcevich v. City of Farmington*, 110 Ill. App. 3d 1074, 1079 (1982). 'A continuing violation *** is occasioned by continuing unlawful acts and conduct, not [merely] by continual ill effects from an initial violation.' *Hyon Waste Management Services, Inc. v. City of Chicago*, 214 Ill. App. 3d 757, 763 (1991). If the injury is in fact ongoing, any limitations period would not have begun to run until the date of the last injury. *Leckrone v. City of Salem*, 152 Ill. App. 3d 126, 137-38 (1987). By contrast, where a single overt action, rather than a series of acts, produces continued ill effects or injury, the statute of limitations begins to run at the time the single overt action occurred. *Hyon*, 214 Ill. App. 3d at 765." *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 847 (2000).

5

¶ 14          Here, the plaintiffs' claim stems from a single overt act: the installation of the fire hydrant on their property in August 2007. No series of acts occurred to delay the start of the statute of limitations. While the hydrant still occupies a portion of the plaintiffs' land, the one-year statute of limitations began to run at the time of the installation of the hydrant or from the date the plaintiffs knew or should have known the hydrant was on their property, outside of the IDOT right of way. See *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981) ("when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed."). Based on the letters exchanged between the village president and the plaintiffs' attorney, the plaintiffs knew that the hydrant was on their property, outside of the IDOT right of way in July 2011, at the latest. Therefore, the complaint filed on March 5, 2014, almost three years after these letters were exchanged, was outside of the one-year statute of limitations. The court, thus, properly granted the motion to dismiss.

¶ 15          We note that the plaintiffs spend the majority of their argument discussing that the complaint should not have been dismissed on *res judicata* grounds. The transcripts from the hearing make it clear that the court dismissed the case based on the statute of limitations issue and did not reach the alternative *res judicata* argument.

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Will County is affirmed.

¶ 18          Affirmed.