LAURENCE E. KIRBY *et al.*, Plaintiffs-Appellants, v. THE TOWN OF SOMER, Defendant-Appellee.

Fourth District   No. 4—86—0847

Opinion filed October 22, 1987.

Joseph D. Pavia, of Kirtley-Pavia-Marsh, P.C., of Urbana, for appellants.

George G. Bryan, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, Laurence E. Kirby and Eva Kirby, appeal the order of the circuit court of Champaign County dismissing their complaint which alleged nuisance caused by defendant, town of Somer. The court dismissed the complaint because plaintiffs failed to serve notice of their injury in compliance with the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 8—101, 8—102, 8—103).

On March 20, 1986, plaintiffs filed a complaint alleging defendant intentionally caused or negligently permitted its park to be used in a way that unreasonably interfered with the use and enjoyment of plaintiffs' property. Plaintiffs' land and home are adjacent to the public park.

Plaintiffs allege the nuisance began in 1984 after defendant changed the park's facilities and equipment. Specifically, defendant upgraded the baseball diamond, changed the lighting and installed a public address system. These improvements allegedly increased the light, noise and traffic on plaintiffs' property during baseball season. Plaintiffs requested an injunction and damages.

Defendant filed a motion for involuntary dismissal alleging the complaint was time barred by the then two-year statute of limitations. Defendant also made an argument supported by affidavit requesting the complaint be dismissed because plaintiffs failed to satisfy the notice requirement of the Tort Immunity Act. The circuit court granted defendant's motion to dismiss.

Plaintiffs filed a motion to vacate the order of dismissal, arguing that since the tort is of a continuing nature, the statute of limitations does not begin to run until the last tortious act has occurred. An affi-

davit of plaintiff, Laurence Kirby, submitted in support of the motion stated the nuisance began on May 16, 1984, and reoccurs each summer. The circuit court denied plaintiffs' motion to vacate the order of dismissal and plaintiffs appeal.

When this case was filed, section 8—101 of the Tort Immunity Act provided: "No civil action may be commenced in any court against a local entity for any injury unless it is commenced within 2 years from the date that the injury was received or the cause of action accrued." (Ill. Rev. Stat. 1985, ch. 85, par. 8—101.) The initial question is whether the plaintiffs' cause of action accrued when the park improvements were complete, whether separate causes of action accrue and start new periods of limitation each time the park is used, or whether the period of limitation started when plaintiffs became aware of their injury on the first day of the baseball season in 1984.

Defendant argues the statute of limitations began to run upon completion of the park's improvements, which were permanent in nature and not unlike the construction of a permanent structure. "Where a structure has been erected either on or next to real property which causes permanent injury to the land by its mere erection, existence and reasonably anticipated operation, a cause of action accrues when the structure is built." (*Aetna Life & Casualty Co. v. Sal E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 770, 357 N.E.2d 621, 625.) Here, plaintiffs were not injured the day defendant completed the construction, but when citizens began to utilize the park's new facilities and equipment.

Plaintiffs maintain their injury is continuous and the tortious act has not ceased. Therefore, the time period has not yet begun to run. In support of their position, plaintiffs rely on cases citing the following rule: Where a tort involves a continuing or repeated injury, the limitation period does not begin until the date of the last injury. *City of Rock Falls v. Chicago Title & Trust Co.* (1973), 13 Ill. App. 3d 359, 364, 300 N.E.2d 331, 334; *Johnson v. Tipton* (1982), 103 Ill. App. 3d 291, 300, 431 N.E.2d 464, 473.

In *City of Rock Falls*, the defendant city and its mayor had continuously engaged in various acts of tortious interference with the utilization of plaintiff's property over a period of three years. By contrast, the instant defendant made one set of improvements and plaintiffs are bothered by the same light, noise and traffic each baseball season.

In *Johnson*, plaintiffs and their property were injured over a period of eight years when chemicals stored by defendant on the adjoining property seeped into plaintiffs' water supply. The court applied

*City of Rock Falls* and held the limitation period began on the date of the last injury. *Johnson* also applied the "time of discovery" rule: "the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864, 868.) The "time of discovery rule" has been applied in a variety of situations ranging from surveyor's error, products liability, defamation, and medical malpractice. See *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 154-55, 421 N.E.2d 869, 873.

■ When applying this rule, the finder of fact must determine when the plaintiff knows or reasonably should know both of his injury and that it was wrongfully caused. However, if only one conclusion can be drawn from the record, the question may be resolved by the court. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874.) The complaint alleged the nuisance began in 1984. In his post-dismissal affidavit, plaintiff more specifically stated he first noticed the nuisance on May 16, 1984, the date of the first ball game of the season.

■ We hold the plaintiffs' cause of action was based on the improvements in the park made by the defendant and their reasonably anticipated use, and is a permanent injury. Applying the discovery rule, plaintiffs should have been alerted the first time the park's new facilities and equipment were utilized that the light, noise and traffic was the result of actionable conduct by defendant. Accordingly, we affirm the circuit court's holding that the cause of action is not continuing, but rather, it accrued on May 16, 1984, when plaintiffs discovered their injury and its sources.

■ The purpose of the Tort Immunity Act "is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed." (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176, 179-80.) This facilitates prompt disposal of claims, and public entities can take into account potential liabilities when planning their budgets. (*Lane v. Chicago Housing Authority* (1986), 147 Ill. App. 3d 876, 877, 498 N.E.2d 604-05, citing *Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421.) In 1985, section 8—102 of the Tort Immunity Act provided:

> "Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a lo-

cal public entity \*\*\* must serve \*\*\* a written notice on the Secretary or Clerk \*\*\* for the entity \*\*\* against whom \*\*\* the action is contemplated \*\*\*." (Ill. Rev. Stat. 1985, ch. 85, par. 8—102.)

Section 8—103 of that Act provided:

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity \*\*\* shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat. 1985, ch. 85, par. 8—103.

Plaintiffs maintain, even though they failed to serve written notice of their claim upon defendant, their filing of a complaint satisfied the notice requirements. This issue was recently resolved in *Lane*, where the court held the notice requirement of the Tort Immunity Act is not satisfied if the defendant has received no notice within the one-year statutory notice period and the complaint is not filed and served upon the defendant within that period. *Lane v. Chicago Housing Authority* (1986), 147 Ill. App. 3d 876, 880, 498 N.E.2d 604, 607.

The cause of action accrued on May 16, 1984. Notice was due to defendant on May 16, 1985. Since no notice was received and the complaint was not filed within the one-year notice period, plaintiffs' case is barred.

Finally, plaintiffs argue the circuit court erred in dismissing the case with prejudice and failing to allow plaintiffs leave to amend their complaint to state, for statute of limitations purposes, the exact date the nuisance began. We disagree. The complaint as filed alleged the nuisance use began in the year 1984. Under *Lane*, notice to defendant was due sometime in 1985, but as noted above, was not received. An amendment could not have cured that defect.

For plaintiffs' failure to comply with the notice provisions of the Tort Immunity Act, we affirm the order of the circuit court of Champaign County.

Order affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.