**Steven MEADOWS, Plaintiff,**

v.

**UNION CARBIDE CORPORATION, American Cyanamid Co., Charter International Oil Co., Union Chemicals Div., Union Oil Co. of California, and Star Bronze Co., Defendants.**

**No. 86 C 7088.**

United States District Court, N.D. Illinois, E.D.

April 28, 1989.

---

Jeffrey L. Whitcomb, Andrew J. Horwitz and Marc A. Perper, Horwitz, Horwitz and Associates, Ltd., Chicago, Ill., for Steven Meadows.

Peter M. Felitti and William F. Conlon, Sidley & Austin, Chicago, Ill., for Union Carbide Corp.

Richard C. Palmer and Michael McCluggage, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for American Cyanamid Co.

Mark J. McAndrew, Phelan, Pope & John, Ltd., Chicago Ill., for Union Oil.

Gregory Glisich, Leahy & Eisenberg, Chicago, Ill., for Star Bronze Co.

## MEMORANDUM AND ORDER

MORAN, District Judge.

On August 14, 1986, plaintiff filed this personal injury action against defendants in the Circuit Court of Cook County, alleging defendants manufactured and supplied his employer with unreasonably dangerous chemicals and that, as a direct result, he sustained chronic respiratory problems and other ailments. Defendant American Cyanamid Co. subsequently removed the action to the district court here. Citing Illinois' two-year limitations upon the filing of lawsuits for personal injuries, defendants assert that plaintiff's cause of action is time-barred. Ill.Rev.Stat. ch. 110, § 13–213(d). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants seek summary judgment on the statute of limitations issue. We conclude that under the "continuing tort doctrine" plaintiff's cause of action accrued within the two-year statute of limitations period and therefore deny defendants' motion for summary judgment.

## FACTS

On January 14, 1980, plaintiff commenced working as a reactor operator for DeSoto Chemical Incorporated. His responsibilities included loading and mixing of various chemicals within tanks and heating the resultant mixture to form certain products. After two weeks in the reactor room plaintiff developed a rash.

In early 1980 plaintiff began suffering from nervousness, breathing difficulties and heart palpitations. In August of the same year he consulted a doctor because of his medical condition. The doctor concluded that chemical toxicity caused plaintiff's physical condition, including hyperthyrodism.

In October 1980 plaintiff requested a transfer from the reactor room, claiming the chemicals were causing his medical problems. This request was denied. A meeting with DeSoto personnel in November 1980 also failed to secure plaintiff's removal from the reactor room.

Plaintiff continued to have problems: difficulty in breathing, chest pains and sleepless nights, and in December 1980 he went to the Mayo Clinic in Rochester, Minnesota, seeking treatment. Doctors there conducted several tests, all of which were inconclusive.

Following a February 11, 1981 explosion at the DeSoto plant plaintiff was assigned to assist in cleaning up the resulting debris. This task was completed within a month and, until repairs were made in the reactor room, DeSoto transferred plaintiff elsewhere within the plant. These other positions included working as a security guard and as an order-picker at a company warehouse. None of these positions exposed plaintiff to chemicals. On or about May 31, 1982, plaintiff was transferred back to his former position in the reactor room.

On June 7, 1983, plaintiff again requested a transfer from the reactor room, which was subsequently denied. In January 1984 plaintiff entered the Cook County Hospital's Occupational Medicine Clinics, seeking a determination as to whether his deteriorating physical condition was related to the use of dangerous chemicals. The Clinic provided him with a badge to wear on his lapel to measure solvent exposure at work. After wearing the badge in the reactor room for an eight-hour period, readings indicated exposure to high amounts of vinyl acetate.

In September 1985 plaintiff was transferred from the reactor room to his former

position as a bulkloader. This lawsuit was subsequently filed on August 14, 1986.

For purposes of ruling on defendants' motion for summary judgment, we hold that defendants' failure to provide a safe product and their failure to adequately warn plaintiff of the dangers of using this product, constitutes a continuing tort. Thus, plaintiff's cause of action accrues on the date when he last faced chemical exposure and, this date coming within the two-year statute of limitations, is not time-barred.

## DISCUSSION

### A. *Local Rule 12(f)*

A motion for summary judgment can only be granted if the moving party establishes that there is no genuine issue of material fact and judgment is due as a matter of law, Fed.R.Civ.P. 56. *County of Milwaukee v. Northrop Data Systems*, 602 F.2d 767, 774 (7th Cir.1979). The movant must submit a statement of material facts as to which there are no genuine disputes. Local Rule 12(e). The party opposing a Rule 56 motion must file a statement setting forth facts as to which there exist genuine issues in need of litigation. Local Rule 12(f).

Since plaintiff did not controvert the facts asserted by defendants, we consider admitted all facts stated in defendants' Local Rule 12(e) filing. Given that terrain, we now address whether defendants should be granted summary judgment as a matter of law.

### B. *Statute of Limitations*

In this diversity action we look to the applicable Illinois law. The central issue presented is when plaintiff's cause of action accrued. Plaintiff contends the operation of the statute of limitations is controlled by the "continuing tort doctrine"— when a tort involves repeated injury the statute begins to run from the date of the last injury, or when the tortious act ceases. *See, e.g., Anderson v. Sutter*, 119 Ill.App. 3d 1070, 1076, 458 N.E.2d 39, 44, 75 Ill.Dec. 871, 876 (2d Dist.1983) (improper construc-

tion of dam caused continued flooding of homeowner's property); *Johnson v. Tipton*, 103 Ill.App.3d 291, 300, 431 N.E.2d 464, 473, 59 Ill.Dec. 179, 188 (2d Dist.1982) (pollution migration from neighboring land caused successive incidents of trespass upon farmer's property); *City of Rock Falls v. Chicago Title & Trust Co.*, 13 Ill.App.3d 359, 364, 300 N.E.2d 331, 334 (3d Dist.1973) (continued tortious interference with plaintiff's business). Were the cause of action to have accrued on the date of plaintiff's last exposure to defendants' chemicals (during September 1985), the two-year statute of limitations would not bar his claim.

Defendants argue that the discovery rule controls the operation of the statute of limitations. Pursuant to the discovery rule, the statute of limitations begins to run when a party knows or reasonably should know that an injury occurred and that it was wrongfully caused. *See, e.g., Nolan v. Johns–Manville Asbestos*, 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868, 52 Ill.Dec. 1, 5 (1981); *Witherell v. Weimer*, 85 Ill.2d 146, 156, 421 N.E.2d 869, 874, 52 Ill.Dec. 6, 11 (1981). Based on the undisputed facts set forth in defendants' motion for summary judgment, defendants assert that plaintiff knew or should have known that his injuries were caused by the chemicals more than two years prior to his filing this lawsuit. As early as December 1980, and as late as March 1984, plaintiff was advised by his doctors that chemical exposure might be the cause of his health problems. Defendants therefore argue plaintiff's cause of action is time-barred as a matter of law.

Defendants further contend that when a party is subject to repeated injury, or a continuing tort, the discovery rule controls when the cause of action accrues. Put another way, defendants contend that the limitations period begins to run the first time plaintiff knew or should have known his injuries were caused by his exposure to the chemicals in question.

In support of their position, defendants cite both *Johnson v. Tipton, supra*, and *Kirby v. Town of Somer*, 162 Ill.App.3d

463, 515 N.E.2d 342, 113 Ill.Dec. 533 (4th Dist.1987). We cannot agree with defendants' analyses of these cases.

In *Johnson,* the court discussed the discovery rule in relation to the running of the statute of limitations, 103 Ill.App.3d at 300, 431 N.E.2d at 473, 59 Ill.Dec. at 188, but it did not assert that the discovery rule controls when there is a continuing tort allegation. Instead, the court emphasized that under either analysis—the discovery rule or continuing tort—plaintiff's cause of action would not be time-barred. *Id.*

Nor can we accept defendants' argument that *Kirby* addressed this interplay. The court in *Kirby* held defendant's construction of a permanent ballpark near plaintiff's home could only constitute a single, not continuing nuisance. 162 Ill.App.3d at 465, 515 N.E.2d at 344, 113 Ill.Dec. at 535. As defendant's alleged act of nuisance could not have constituted a continuing tort, the court evaluated the statute of limitations issue only in accordance with the discovery rule. *Id.*

When the Illinois Supreme Court adopted the discovery rule in *Nolan, supra,* and *Witherell, supra,* the court chose to apply an intermediate discovery rule concept. *See Knox College v. Celotex Corp.,* 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980, 58 Ill.Dec. 725, 729 (1981). But no Illinois decisions discuss the relationship between the continuing tort doctrine and the discovery rule, although *Johnson,* by implication, supports the plaintiff's position here. Several federal decisions do, however, address the relationship between the two in the context of the Federal Tort Claims Act. *See, e.g., Page v. United States,* 729 F.2d 818 (D.C. Cir.1984); *Gross v. United States,* 676 F.2d 295 (8th Cir.1982).

In *Page,* the D.C. Circuit refused to apply the discovery rule of *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), and instead held a plaintiff's cause of action did not accrue until the government allegedly stopped administering harmful drugs to him. 729 F.2d at 823. And in *Gross,* the Eighth Circuit determined that a series of acts by the federal government which wrongfully denied the

plaintiff farmer participation in a feed grain program constituted a continuing tort. 676 F.2d at 300 (citing *Cooper v. United States,* 442 F.2d 908, 912 (7th Cir. 1971)). The *Gross* court rejected the government's argument that *Kubrick* prevented plaintiff from recovering damages for any harm caused outside of the two-year limitations period: "Where the tortious conduct is of a continuing nature, the *Kubrick* rule does not apply." *Id.*

Following the rule identified by these courts, we conclude that the limitations period does not begin to run when the plaintiff acquires knowledge that his deteriorating physical condition was or may have been caused by his use of potentially hazardous chemicals. We look instead to the date of the last exposure. To hold otherwise would allow a party to acquire a right to continue engaging in tortious conduct. *Id.* at 822 (citing *Fletcher v. Union Pacific R.R.,* 621 F.2d 902, 908 (8th Cir.1980), *cert. denied,* 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981)).

Finally, defendants argue that if we accept the continuing tort doctrine as controlling, plaintiff cannot allege that defendants engaged in continuous tortious conduct. This argument flows from defendants' assertion that in order for there to be a continuing tort, defendants must be under a continuing duty to warn plaintiff of the dangers associated with using the chemicals. Once plaintiff learned that his respiratory problems were linked to the chemicals in his workplace, defendants' duty to warn was purportedly extinguished.

We find this argument more properly addressed in a motion for summary judgment on the issue of liability and assumption of risk. With respect to this motion, we cannot rule that plaintiff's knowledge extinguished defendants' duty. Furthermore, plaintiff alleges the chemicals were defective and posed a danger to his health. This allegation survives regardless of whether defendants provided plaintiff with adequate warning. Because plaintiff's cause of action accrued on the date of his last exposure, his cause of action is not time-barred.

CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied.