WAYNE NICKLA, Plaintiff-Appellant, *v.* INDUSTRIAL FIRE & CASUALTY INSURANCE CO., Defendant-Appellee.

First District (5th Division)   No. 62128

Opinion filed May 14, 1976.

Raymond P. Concannon, of Miller and Concannon, of Chicago, for appellant.

Jerome J. Jacobson, of Garbutt & Jacobson, Association, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought an action for declaratory judgment against defendant, his insurer, challenging the validity of the arbitration clause in his insurance policy. His motion for judgment on the pleadings was denied and judgment for defendant was granted. He appeals, contending that: (1) the arbitration clause in his insurance policy violates sections 143a and 442 of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a and 1054); and (2) since the arbitration clause in his insurance policy is invalid, he may bring a direct action at law against his insurer for recovery of his uninsured motorist claim.

On January 31, 1973, plaintiff was injured in an autumble accident with an uninsured motorist. At that time plaintiff was insured under an insurance policy issued by defendant. The policy contained provisions for filing an "uninsured motorist claim" and set out the procedures to be followed. The policy provided that if the insured and the insurer were unable to agree upon a settlement, each party would appoint one arbitrator and the arbitrators would select a third arbitrator. The parties would split the fees and costs, with the insured paying his arbitrator's fees, the insurer paying its, and the parties dividing equally the third arbitrator's fee and the costs of the arbitration hearing itself. The policy further provided that where the arbitrators were unable to agree on a third arbitrator, either party could request that a local court of record designate the third arbitrator.

Plaintiff's offer to settle his claim was refused and instead of proceeding under the arbitration clause of his policy, he brought an action for declaratory judgment against defendant. His complaint asserted that the arbitration clause in his policy violated sections 143a and 442 of the Illinois Insurance Code. (Ill. Rev. Stat. 1973, ch. 73, pars. 755a and 1054.)[1] Those

---

[1] Section 143a of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par 755a(1)) provides:
  "§143a(1) On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of

sections require that all insurance policies in Illinois include coverage against uninsured motorists, that such coverage conform with the statutory minimum limit mandated for insured motorists (\$10,000 per person for death or bodily injury and \$20,000 per accident, exclusive of interest and costs), and that any insurance policy provisions inconsistent with the Illinois Insurance Code be construed and applied as if in accordance with the code.

He averred that the uninsured motorist coverage provided by defendant did not conform with the statutory minimum limit mandated for insured motorists because the policy requirement that he pay certain costs and fees in connection with the arbitration potentially reduces his uninsured motorist coverage below the minimum coverage prescribed for insured motorists. The complaint then prayed that the arbitration clause be declared invalid. The second count averred that since the arbitration clause was invalid, he be permitted to bring a direct action at law against defendant for recovery of his claim, and he prayed for a judgment of \$10,000 together with costs and reasonable attorneys' fees. Defendant filed an answer to both counts, and plaintiff then filed a motion for judgment on the pleadings. Both parties then filed memorandums of law, and, after oral arguments, the trial court denied plaintiff's motion, granted judgment for the defendant, holding in its order that the arbitration agreement was valid and enforceable, and appointed a third arbitrator. The court struck Count II of plaintiff's complaint. This appeal followed.

OPINION

■■  Plaintiff first contends that the arbitration clause in his insurance policy contravenes the sections of the Illinois Insurance Code dealing with uninsured motorist coverage. In considering this contention, we must examine both the insurance policy issued by defendant to plaintiff and the Illinois Insurance Code. The relevant insurance policy clause provides as follows:

> "ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured

The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ° ° °."

Section 442 of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 1054) provides:

"§442. Validation of Illegally Insured Policies. Any contract or policy of insurance or any application, endorsement or rider form used in connection therewith issued in violation of any section of this Code ° ° ° shall nevertheless be held valid but shall be construed in accordance with the requirements of the section that the said policy, application, endorsement or rider violates ° ° °."

automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law."

The relevant section of the Illinois Insurance Code dealing with uninsured motorist coverage is partially derived from the Illinois Vehicle Code, which requires that the maximum recovery for an insured motorist be at least $10,000 per person for death or bodily injury and $20,000 per accident, exclusive of interest and costs (Ill. Rev. Stat. 1973, ch. 95½, par. 7—203.)[2] This requirement is explicitly incorporated into the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a(1)), making the minimum limits for coverage of an insured motorist and for coverage against an uninsured motorist equal. Indeed, the Insurance Code's provisions for uninsured motorist coverage have been interpreted to mean that an insurer must provide its insured with coverage which would compensate him, in the event of injury by an uninsured motorist, to at least the same extent as if he had been injured by a motorist who was insured in compliance with the $10,000/$20,000 statutory minimum. (*Morelock v. Millers' Mutual Insurance Association,* 49 Ill. 2d 234, 274 N.E.2d 1; *Putnam v. New Amsterdam Casualty Co.,* 48 Ill. 2d 71, 269 N.E.2d 97.) The question in the instant case, therefore, is whether the compulsory payment of arbitration costs by an insured in order to settle

[2] Section 7—203 of The Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 7—203) provides:

§7—203, Requirements as to policy or bond. No such policy or bond referred to in Section 7—202 of this Act shall be effective under this Section unless issued by an insurance company or surety company authorized to do business in this State ° ° ° provided, however, every such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs of not less than $10,000 because of bodily injury to or death of any one person in any one accident and, subject to said limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident ° ° °."

his uninsured motorist claim reduces his coverage below the $10,000/$20,000 minimum limit, exclusive of interest and costs, required for insured motorists.

■■ It is clear that an insured who is required to settle his uninsured motorist claim through arbitration under the policy issued by defendant is not entitled to have his compulsory arbitration fees and costs added to his award. He must pay the entire fee of the arbitrator that he has selected, plus one-half the fee of the third arbitrator and one-half the costs of the arbitration hearing itself. Read together, the Illinois Insurance Code and the Illinois Vehicle Code mandate that uninsured motorist coverage be at least $10,000/$20,000 exclusive of interest and costs. Since none of the arbitration fees and costs incurred by an insured are recoverable under the instant policy, the statutorily prescribed uninsured motorist coverage to which an insured is entitled is indirectly diluted. It is axiomatic that any conflict between the provisions of an insurance policy and a section of the Illinois Insurance Code must be resolved in favor of the statute. (*Prosk v. Allstate Insurance Co.*, 82 Ill. App. 2d 457, 226 N.E.2d 498.) In the instant case, because there is a conflict between the arbitration clause and the statute, we hold that the provisions of the arbitration clause concerning compulsory arbitration fees and costs are without force or effect.

■■ Plaintiff next contends that if the arbitration clause in his insurance policy is found to be invalid, he should be permitted to bring a direct action at law for recovery of his uninsured motorist claim. The thrust of his contention is that invalidation of the fee and cost allocation provisions relieves him of his contractual obligation to submit his uninsured motorist claim to arbitration and leaves him free to litigate his claim. Our disposition of his first contention, however, makes it clear that only the provisions of the arbitration clause concerning fees and costs, and not the clause itself, are without force or effect. Compulsory arbitration agreements are generally valid in Illinois. (Ill. Rev. Stat. 1973, ch. 10, par. 101.) Accordingly, plaintiff's contractual obligation to submit his uninsured motorist claim to arbitration remains in effect, and he may not bring a direct action at law against defendant.

For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part, and remanded for further proceedings with directions that an arbitration hearing on plaintiff's uninsured motorist claim be conducted and that plaintiff be allowed to recover his arbitration fees and costs as part of his arbitration award.

Affirmed in part; reversed in part, and remanded with directions.

SULLIVAN and BARRETT, JJ., concur.