JOSEPH MIRABELLA *et al.*, Plaintiffs-Appellees, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 82—552

Opinion filed May 11, 1983.

Paul Parker, of Parrillo, Weiss & Moss, of Chicago, for appellant.

A. F. Mannina, of Marco & Mannina, of Downers Grove, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Safeway Insurance Company, appeals from a judgment of the circuit court of Du Page County, which awarded $400 each to plaintiffs, Joseph Mirabella and Lester Munson. Judgment was entered after a bench trial in which the court found defendant liable to plaintiffs for arbitrators' fees incurred when plaintiffs, along with David Weiss, served as arbitrators in a dispute involving the uninsured motorist coverage of an insurance policy issued by defendant. The only issue defendant raises on appeal is whether plaintiffs have waived any right to recover their fees from defendant.

The insurance policy was admitted into evidence at trial. It provides, in part, as follows:

"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration."

Plaintiffs testified on their own behalf at trial. Mirabella testified that he was an attorney and that he was selected by the insured to act as an arbitrator under the above policy provisions. He stated that he served as an arbitrator in this matter and that he submitted a bill for his services in the amount of $600 to Munson, with the understanding that the bill would be forwarded to defendant for payment.

Munson testified that he was an attorney appointed by the circuit court of Du Page County to act as the third arbitrator in this matter. David Weiss was selected as an arbitrator by the defendant. Munson testified that he served as an arbitrator and that he submitted a bill for his services in the amount of $600, along with the bill for $600

submitted by Mirabella, to defendant within 30 days of the arbitration award. He also testified that he drafted the arbitration award and submitted it to Mirabella and Weiss for their concurrence. The letter of award signed only by Mirabella and Munson awarded $6,600 to the insured and members of his family. No provision for arbitrators' fees was in the award.

Both plaintiffs acknowledged that they had no contractual relationship with defendant. No other witnesses testified for either party.

The trial court, relying on *Nickla v. Industrial Fire & Casualty Insurance Co.* (1976), 38 Ill. App. 3d 927, 349 N.E.2d 644, held the portion of the policy arbitration clause which required the insured to pay part of the arbitrators' fees to be invalid, and awarded plaintiffs $400 each, the amount claimed in their complaint. Defendant maintains that the contract of insurance provided that the insured pay the fee of the arbitrator he selected, that defendant pay the fee of the arbitrator it selected, and that they each pay one-half of the fee of the third arbitrator. Thus, defendant contends that the circuit court's judgment, which required defendant to pay all of the arbitrators' fees, was improper.

■ Generally, if the provisions of an insurance policy are clear and unambiguous, they will be applied as written. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4, 429 N.E.2d 1203.) The provisions of this policy clearly provide that the insured and defendant must each bear the cost of his own arbitrator and that they must bear equally the cost of the third arbitrator. Thus, under the language of the policy, Mirabella, the arbitrator chosen by the insured, is not entitled to recover any portion of his fee from defendant, while Munson, the arbitrator chosen by the court, is only entitled to recover one-half of his fee from defendant.

Plaintiffs, however, contend that each of them is entitled to recover his entire fee from defendant because the provisions of the insurance policy requiring the insured to pay a portion of the arbitrators' fees are invalid under the holding in *Nickla v. Industrial Fire & Casualty Insurance Co.* (1976), 38 Ill. App. 3d 927, 349 N.E.2d 644. In *Nickla*, the court held that such provisions dilute the mandatory uninsured motorist coverage required by section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a) and, therefore, are invalid. (38 Ill. App. 3d 927, 931, 349 N.E.2d 644.) However, even applying the *Nickla* holding to this case, plaintiffs would not be entitled to recover their fees from defendant.

Section 10 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 110) states that:

"Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including attorney's fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."

In construing a statute, the intent of the legislature should be determined and given effect. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46, 429 N.E.2d 492.) The best means of ascertaining the legislature's intent is to examine the statutory language, with the words of the statute being given their plain and ordinary meaning. *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 211-12, 443 N.E.2d 563.

The plain and ordinary meaning of the language of section 10 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 110), is that arbitrators' expenses and fees, together with other expenses incurred in the conduct of the arbitration, must be paid either as provided in the agreement to arbitrate or as provided in the arbitrators' award. Thus, we believe the legislature intended that provision for payment of arbitrators' fees must be made in either the agreement or the award. Therefore, we hold that where, under *Nickla,* the provisions of the agreement providing for the payment of arbitrators' fees are invalid, provision for payment of the arbitrators' fees must be made in the arbitrators' award, in order for the arbitrators to recover their fees.

If, as plaintiffs argue, the policy provisions dealing with the payment of arbitrators' fees here are invalid, then, in order for plaintiffs to recover, the arbitrators' award must have made provision for the payment of arbitrators' fees. The arbitrators' award in this case did not provide for the payment of arbitrators' fees. Thus, the plaintiffs are not entitled to recover their fees from defendant.

Plaintiffs make several arguments contending that the policy provisions remove the issue of arbitrators' fees from the statute. However, the statutory requirement that provision for arbitrators' fees be made in the award controls when, as plaintiffs argue, the policy provisions are invalid.

Plaintiffs also argue that the bill for arbitrators' fees that Munson submitted to defendant after the award had been made was sufficient to entitle them to recover their fees from defendant, since no time was fixed, pursuant to section 8 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 108), within which the award was required to be made. We do not consider this bill to meet the statutory requirement of section 10 (Ill. Rev. Stat. 1981, ch. 10, par. 110) that provision for arbitrators' fees must be made in the arbitrators' award.

No application to modify or correct the award was made. (See Ill. Rev. Stat. 1981, ch. 10, par. 109.) Therefore, this bill does not provide plaintiffs a basis for recovery.

For the foregoing reasons the portion of the judgment of the circuit court of Du Page County in favor of Joseph Mirabella is reversed, and the portion of the judgment in favor of Lester Munson is modified to the amount of $200, as suggested in defendant's prayer at the conclusion of its appellate brief.

Reversed in part and modified in part.

LINDBERG and VAN DEUSEN, JJ., concur.