George **GARCEAU**, Plaintiff–Appellant,

v.

**IOWA KEMPER INSURANCE COMPANY, a foreign corporation doing business in the State of Colorado, and/or The Economy Companies, including Economy Fire & Casualty Company, an insurance company doing business in the State of Colorado, Defendants–Appellees.**

No. 91CA1699.

Colorado Court of Appeals,
Div. IV.

Jan. 14, 1993.

Rehearing Denied Feb. 25, 1993.

Certiorari Denied Sept. 27, 1993.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellee Iowa Kemper Ins. Co.

Retherford, Mullen, Rector & Johnson, Amelia L. Kleeme, Colorado Springs, for defendant-appellee Economy Fire & Cas. Co.

John Gehlhausen, P.C., Darla Scranton Specht, Lamar, for amicus curiae Colorado Trial Lawyers Ass'n.

Opinion by Judge METZGER.

In this declaratory judgment action, plaintiff, George Garceau, appeals the summary judgment requiring that he pay his own costs and fees incurred for the arbitration of an automobile insurance policy dispute. We reverse and remand with directions.

While riding as a passenger in a vehicle driven by an uninsured motorist, Garceau was injured when the vehicle left the roadway at a high rate of speed and collided with a stone wall. At the time of the accident, Garceau was a minor living with his father, who was insured by defendant, Economy Fire and Casualty Company.

The father's policy provided for uninsured/underinsured motorist coverage in the amount of $50,000. The policy also provided:

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages under this part; or

2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally.

A dispute arose concerning the amount of damages Garceau had suffered. Garceau demanded arbitration, and the arbitration panel awarded him $42,000. Garceau incurred arbitrators' fees of $7,888.63 and costs of $9,398.55, and sought an order to require defendant to pay these amounts. Defendant objected, arguing that the policy provision prohibited it.

Garceau then filed this declaratory judgment action, alleging that the policy provision, requiring him to pay fees and costs, was void as against public policy. He argued that the provision reduced his recovery below an amount equal to his total damages and, therefore, contravened the public policy articulated in the uninsured motorist statute, § 10–4–609, C.R.S. (1987 Repl.Vol. 4A).

The trial court found the provision to be clear and unambiguous and determined

that, had arbitration been mandated by the policy, the provision would contravene public policy. However, it reasoned, because Garceau had requested arbitration, he would be required to bear his own costs and expenses.

Garceau contends the trial court erred in ordering him to pay his own arbitration fees and expenses from the $42,000 arbitration award. We agree.

■ The purpose of the uninsured motorist statute is to enable the insured to gain compensation for loss resulting from the negligent conduct of a non-insured motorist in the same manner as the insured would be compensated for loss resulting from the negligent conduct of an insured motorist. *Kral v. American Hardware Mutual Insurance Co.*, 784 P.2d 759 (Colo. 1989).

In *Kral*, our supreme court held that a subrogation clause contained in an insurance policy and a release-trust agreement executed pursuant to the subrogation provision were enforceable only to the extent that they did not impair the ability of the insured to gain full compensation for any loss caused by the conduct of an uninsured motorist. This theme, requiring that a person injured by an uninsured motorist be compensated to the same extent as one injured by an insured motorist, has been followed consistently by the courts of this state. *See Barnett v. American Family Mutual Insurance Co.*, 843 P.2d 1302 (Colo.1993); *Terranova v. State Farm Mutual Automobile Insurance Co.*, 800 P.2d 58 (Colo.1990); *Newton v. Nationwide Mutual Fire Insurance Co.*, 197 Colo. 462, 594 P.2d 1042 (Colo.1979); *Alliance Mutual Casualty Co. v. Duerson*, 184 Colo. 117, 518 P.2d 1177 (1974); and *Morgan v. Farmers Insurance Exchange*, 182 Colo. 201, 511 P.2d 902 (1973).

■ Additionally, we note that arbitration as a method of alternative dispute resolution is favored by the law as an efficacious mode of adjusting disputes. *Ezell v. Rocky Mountain Bean & Elevator Co.*, 76 Colo. 409, 232 P. 680 (1925). The public policy of Colorado favors arbitration. *Dominion Insurance Co. v. Hart*, 178 Colo. 451, 498 P.2d 1138 (1972).

■ Here, Garceau was awarded $42,000, an amount the arbitrators deemed to be the full extent of his damages. He was liable for costs and fees of $17,387.18 because of the policy's fee and expense provision. This left Garceau with $24,712.82, an amount well below the amount of his actual damages. Thus, the policy's fees and costs provision substantially penalized Garceau for utilizing a mechanism which should establish a low cost, speedy resolution of any dispute over damages. Requiring him to bear arbitration costs and thereby reduce his overall award undermined both the efficacy of arbitration and the purpose of § 10–4–609, the uninsured motorist statute.

In light of these considerations, we hold that the fee and expense provision is void as against the public policy expressed in § 10–4–609 and, thus, is unenforceable. *See Barnett v. American Family Mutual Insurance Co., supra.*

Our reasoning is in line with other jurisdictions which have addressed this issue. In *Nickla v. Industrial Fire & Casualty Insurance Co.*, 38 Ill.App.3d 927, 349 N.E.2d 644 (1976), the Illinois Appellate Court construed an uninsured motorist policy provision substantially similar to the one here. The court pointed out that: "[S]ince none of the arbitration fees and costs incurred by an insured are recoverable under the instant policy, the statutorily prescribed uninsured motorist coverage to which an insured is entitled is indirectly diluted." *Nickla*, 38 Ill.App.3d at 931, 349 N.E.2d at 647. Accordingly, it held that since the compulsory fees and costs provision of the policy was in direct conflict with the uninsured motorist statute the clause was invalid.

Later, the Florida Court of Appeals arrived at a similar conclusion in *American Indemnity Co. v. Comeau*, 419 So.2d 670 (Fla.App.1982). In *Comeau*, the insurer appealed a trial court's award of costs, which arose out of an arbitration, to the

insured. The insurer argued that the Florida arbitration expenses and fees statute, similar to our § 13–22–212, C.R.S. (1987 Repl.Vol. 6A), required that any fees and expenses be included in the arbitration award itself and could not be awarded by the trial court. The court held that the insurance policy's arbitration clause, strikingly similar to that here, was repugnant to public policy as expressed by the uninsured motorist statute to the extent that its provisions attempted to limit or subtract from the mandated coverage. The court found that the trial court properly awarded the insured his expenses and costs, thereby providing him with full recovery for his damages. *See also Kenworthy v. Pennsylvania General Ins.,* 113 Wash.2d 309, 779 P.2d 257 (1989) (arbitration cost provisions void as violative of statutory requirement that underinsured coverage of automobile insurance policy be in same amount as the insured's third-party liability coverage).

In Appleman, *Insurance Law and Practice* § 5124 at 124 (1981), the author states that, since the insurer generally desires the use of arbitration instead of trial and provides for such in the policy, all expenses, irrespective of outcome, incident to arbitration should be borne by the insurer. Expenses would include arbitrators' fees and witness and deposition costs.

Accordingly, since the provision at issue is void, plaintiff cannot be held liable for the arbitrators' fees of $7,888.63; to hold otherwise would reduce plaintiff's judgment below his actual damages.

■ Defendant, however, places great emphasis on the fact that § 10–4–706, C.R.S. (1987 Repl.Vol. 4A) (applicable through § 10–4–604(4)) provides for mandatory coverage of $25,000 "exclusive of interests and costs." Defendant maintains that this language evidences a legislative intent to exclude interest and costs from an insurer's uninsured motorist liability. However, such a reading is contrary to our supreme court's resolution of this issue in *Allstate Insurance Co. v. Allen,* 797 P.2d 46 (Colo.1990).

In *Allstate,* the court concluded that an insurer was liable for costs and post-judgment interest over and above statutory limits but not liable for prejudgment interest. Therefore, the "exclusive of interest and costs" language establishes a minimum applicable to an initial amount of damages suffered and not an exclusion from liability as defendant asserts.

Accordingly, plaintiff should be awarded $42,000 exclusive of arbitrators' fees and any appropriate costs as determined by the arbitration panel pursuant to § 13–16–122, C.R.S. (1987 Repl.Vol. 6A). The panel should award costs which would be awarded to plaintiff had this dispute gone directly to a district court and had he prevailed.

While the panel may conclude that plaintiff is not entitled to 100 percent reimbursement of all costs, it should keep in mind the spirit of *Kral* when making its determination. This will insure the plaintiff an award substantially similar to the one that would have resulted had the plaintiff directly pursued a judgment against the tortfeasor. Also, pursuant to *Kral* and *Allstate,* the award, including arbitrators' fees and costs, may also properly exceed the $50,000 policy limits.

■ We reject the trial court's determination that Garceau's election of arbitration as a remedy precluded him from arguing that the policy provision was void. While the insurance contract did provide for payment of fees and costs, "it is also true that parties cannot by private contract abrogate statutory requirements or conditions affecting the public policy of the state." *University of Denver v. Industrial Commission of Colorado,* 138 Colo. 505, 509, 335 P.2d 292, 294 (1959). As the court there explained, "the applicable part of the law is an inherent part of any contract ... whether mentioned or known, and *a fortiori* modifies it where in conflict therewith." *University of Denver,* 138 Colo. at 794, 335 P.2d at 509; *see also People v. Zamora,* 665 P.2d 153 (Colo.App.1983).

The judgment is reversed, and the cause is remanded for entry of summary judgment in favor of Garceau and for further remand to the arbitration panel pursuant to

§ 13–16–122, C.R.S. (1987 Repl.Vol. 6A) for a determination and award of appropriate costs.

TURSI and PLANK, JJ., concur.