[No. B069738. Second Dist., Div. Two. June 15, 1993.]

ALEXIS R. AUSTIN, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Moriarity & Associates and John L. Moriarity for Plaintiff and Appellant.

Pollak, Vida & Fisher, Michael M. Pollak and Kathleen T. Deeley for Defendant and Respondent.

## OPINION

**FUKUTO, J.**—Alexis R. Austin appeals from an order taxing costs following a judgment entered in her favor on an arbitration award against respondent, Allstate Insurance Company. The court ruled that the only item appellant could recover against respondent was the $14 fee for filing her petition to confirm the arbitration award.

Appellant had an automobile insurance policy issued by respondent. The policy included uninsured and underinsured coverage. Appellant was later injured when rear-ended by another motorist, identified in the record as "Volkenant." Volkenant's liability insurer paid the policy limit, but that was not enough to compensate appellant for all of her injuries. Appellant filed a claim with respondent under her underinsured motorist coverage. When respondent refused her claim, appellant filed a demand for arbitration.[1] Following the arbitration hearing, appellant was awarded $10,000 as general damages plus $1,213 for medical expenses, for a total award of $11,213. The superior court confirmed the arbitrator's award and judgment was entered.

Appellant then filed her memorandum of costs. She claimed $3,156.65, consisting of a $2,200 expert witness fee, $418.35 for copying medical records, $98.30 for services of process, $235 for the deposition of a witness, and $205 for various filing and motion fees.

Respondent moved to tax all costs except the $14 filing fee for the petition to confirm the arbitration award. Respondent contended that under Code of Civil Procedure section 1293.2, the court could only award costs associated with "any judicial proceeding." As noted above, the court agreed, ruling that appellant was entitled to recover only the $14 cost of filing the motion to confirm the arbitration award.

 Appellant contends she is entitled to her costs of arbitrating her underinsured motorist claim in order to preserve the full underinsured motorist coverage mandated by the uninsured motorist statute, Insurance

---

[1]Arbitration was required by the terms of appellant's policy.

Code section 11580.2. She maintains that the intent of the statute is to provide the innocent insured with coverage the tortfeasor does not have, and it requires that the insured recover the costs of arbitrating an underinsured motorist claim against her own insurer. If the underinsured motorist who injured appellant had adequate coverage, she would either not have incurred these costs at all, or would have been able to recover most of her costs from that motorist. She states that the only way to ensure her the full underinsured motorist coverage she purchased, that is, to put her in the position in which she would have been if the underinsured motorist had adequate coverage, is to award her the costs of arbitrating her underinsured motorist claim against respondent.[2]

Insurance Code section 11580.2, subdivision (f), requires uninsured and underinsured motorist claims be determined by arbitration.[3] Code of Civil Procedure section 1284.2 reads: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit." ■ This section sets forth the legislative policy of this state that arbitration costs are to be borne by the party incurring them, unless the arbitration agreement provides otherwise. (*Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952, 954 [169 Cal.Rptr. 493]; see also *Cecil* v. *Bank of America* (1956) 142 Cal.App.2d 249, 251 [298 P.2d 24].)

■ Code of Civil Procedure section 1293.2 provides, "The court shall award costs upon any *judicial proceeding* under this title [arbitration] as provided in Chapter 6 [recovery of costs in civil actions] . . . ." (Italics added.) There is no similar provision for awarding costs incurred in arbitration. It is apparent that the Legislature has distinguished between costs incurred in an arbitration proceeding and costs incurred in superior court to

---

[2]Even if appellant were entitled to be paid her costs of arbitration, she could not recover the $2,200 fee of the expert witness. (Code Civ. Proc., § 1033.5, subd. (b)(1).) As to the $418.35 for copying medical records, only the photocopying charges for documents admitted into evidence as exhibits would be allowable. (Code Civ. Proc., § 1033.5, subd. (b)(3).) As to the fees for the filing and service of the summons and complaint on Volkenant, it would appear that they should have been accounted for in the settlement with Volkenant's insurer.

[3]Insurance Code section 11580.2, subdivision (f), states in pertinent part: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . ." [¶] The arbitration decision is not reviewable de novo by a trial court. (Code Civ. Proc., § 1286.2; *Chrisman* v. *Superior Court* (1987) 191 Cal.App.3d 1465, 1469 [236 Cal.Rptr. 703].)

enforce an arbitration award, allowing costs to the prevailing party only in the latter. (*Tipton* v. *Systron Donner Corp.* (1979) 99 Cal.App.3d 501, 507 [160 Cal.Rptr. 303].)

Here, the insurance policy, in harmony with Code of Civil Procedure section 1284.2, specified that "Costs, including attorney fees, are to be paid by the party incurring them."[4] Thus, appellant is not entitled to recover her costs of arbitration unless a different rule is mandated by the uninsured motorist statute.

Insurance Code section 11580.2, subdivision (a)(1), provides that, absent a written waiver from the insured, every policy of automobile liability insurance shall include uninsured motorist coverage of specified amounts. Specifically, it provides, "No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this state to the owner or operator of a motor vehicle . . . unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the limits specified in subdivision (m) and in no case less than the financial responsibility requirements specified in Section 16056 of the Vehicle Code insuring the insured . . . for all sums within the limits which he . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." (Ins. Code, § 11580.2, subd. (a)(1).) Vehicle Code section 16056, subdivision (a) requires "a limit, exclusive of interest and costs, of not less than fifteen thousand dollars ($15,000) because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than thirty thousand dollars ($30,000) because of bodily injury to or death of two or more persons in any one accident."

The plain language of Insurance Code section 11580.2, subdivision (a)(1), does not support appellant's interpretation. The section requires coverage insuring ". . . all sums [within the statutory or policy limits] which [the insured] shall be legally entitled to recover as *damages* for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." (Italics added.) The section speaks only of damages and makes no mention of costs. On its face, the statute appears to limit recovery under uninsured motorist coverage to compensatory damages for bodily injury up to the

---

[4]Apparently a wrong policy form was cited and relied upon by the parties and the court in the proceeding below. That form states "All expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical or other expert witnesses are not considered arbitration expenses and are to be paid by the party incurring them."

statutorily prescribed minimum. The reference in Vehicle Code section 16056 to "interest and costs" means that those items, if awarded, may not be deducted from the $15,000/$30,000 minimum limits in a claim instituted against a driver insured to that minimal amount. It does not require that a claimant in an uninsured motorist arbitration proceeding is entitled to recover interest and costs.

■ "As cases have held, the purpose of the uninsured motorist statute is not to make all drivers *whole* from accidents with uninsured drivers, but to make sure that drivers injured by such drivers are protected to the extent that they would have been protected had the driver at fault carried the statutory minimum of liability insurance." (*Pabitzky* v. *Frager* (1985) 164 Cal.App.3d 401, 403 [210 Cal.Rptr. 426].) The law is not designed to provide the insured with greater insurance protection than would be available under a policy containing minimum statutory limits. (*Mid-Century Ins. Co.* v. *Koch* (1970) 11 Cal.App.3d 1019, 1023 [90 Cal.Rptr. 280].) These limits are not and never have been adequate to make injured parties whole.

Appellant cites cases from other jurisdictions, *American Indem. Co.* v. *Comeau* (Fla.Dist.Ct.App. 1982) 419 So.2d 670, *Kenworthy* v. *Pennsylvania General Ins.* (1989) 113 Wn.2d 309 [779 P.2d 257], and *Nickla* v. *Industrial Fire & Casualty Ins. Co.* (1976) 38 Ill.App.3d 927 [349 N.E.2d 644], to support her contention that she is entitled to arbitration costs. Those cases do hold that provisions in insurance policies requiring insureds to bear their own costs of arbitration of uninsured motorist claims are void and unenforceable since they attempt to limit or subtract from statutorily mandated uninsured motorist coverage. However, in none of the cases cited were there statutes similar to Code of Civil Procedure sections 1284.2 and 1293.2 indicating a legislative policy requiring parties to bear their own costs in arbitration.

■ In short, the Legislature has established a policy that uninsured and underinsured motorist claims are to be determined by arbitration. The Legislature has also established a policy that arbitration costs are to be paid by the party incurring them. Under this statutory scheme, appellant is not entitled to the costs she incurred in arbitration. We recognize that there will be instances of unavoidably high arbitration expenses disproportionate to the amount recoverable under the uninsured motorist statute, resulting in inadequate compensation to the claimants, and are sympathetic to those finding themselves in that position. We believe however, that any relief in this regard must be provided by the Legislature.

The order appealed from is affirmed. Respondent is to recover its costs on appeal.

Boren, P. J., and Gates, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 2, 1993.