TERRY A. ABELS, Indiv. and on Behalf of All Other Persons Similarly
Situated, Plaintiff-Appellant, v. SAFEWAY INSURANCE COMPANY,
Defendant-Appellee.

First District (1st Division)  No. 1—92—0776

Opinion filed August 5, 1996.—Rehearing denied September 10, 1996.

Raymond P. Concannon, Ltd., of Chicago, for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellee.

JUSTICE BRADEN delivered the opinion of the court:

Plaintiff, Terry A. Abels, filed the instant action in the circuit court of Cook County against defendant, Safeway Insurance Company (Safeway), seeking a declaration of rights and liabilities under an automobile insurance policy it issued to plaintiff. Plaintiff appeals from a February 4, 1992, order dismissing his complaint with prejudice, pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). Plaintiff argues that the trial court erroneously dismissed his class action complaint, contending that (1) it was the intent of the Illinois legislature that an insurance policy holder not be obligated for arbitration costs and fees under section 143a(1) of the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755a); (2) Safeway's refusal to pay arbitration fees or costs is invalid and contrary to the Code; and (3) Safeway's proposed *pro rata* allocation of arbitrator fees and costs violates the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262).

We affirm.

On February 6, 1990, plaintiff was involved in a motor vehicle accident with an uninsured motorist, sustaining an injury as a result.

Plaintiff was insured by Safeway under a policy that provided uninsured motorist coverage in accordance with the Code. Plaintiff subsequently filed an uninsured motorist claim with Safeway.

Plaintiff's policy provided for arbitration of uninsured motorist claims by either a three-person panel or by the American Arbitration Association (AAA). The subject insurance policy states:

"Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request either party may request that such arbitration be submitted to the American Arbitration Association. In the event the two selected arbitrators cannot agree upon a third arbitrator either party may petition any judge in any court of record in the County and State in which the arbitration is pending to select a third arbitrator upon Notice of Motion to the other party or attorney and without the necessity of filing a lawsuit or serving the other party with process. The arbitrators shall then hear and determine the questions in dispute, and the decision in writing of any two arbitrators shall be binding upon the parties. All arbitration hearings, under this policy, including both the tripartite panel and the American Association of Arbitration, shall be conducted in the County and State in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law in that county."

On December 4, 1990, Safeway selected its arbitrator pursuant to the terms of the subject policy. On December 19, 1990, plaintiff selected his arbitrator, and on May 21, 1991, a third arbitrator was selected by order of the court. Safeway subsequently sent letters to plaintiff on both May 1 and May 6, 1991, advising him that Safeway would not pay fees for the arbitrator selected by plaintiff and would only pay one-half of the fees for the third arbitrator.

On August 30, 1991, plaintiff filed a two-count class action complaint. Count I alleged breach of the Code. Count II alleged breach of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262). Both counts sought (1) a declaration by the trial court that Safeway's refusal to pay arbitrator fees for uninsured motorist claims was invalid; (2) an order enjoining Safeway from refusing to pay such arbitrator fees in similar policies in pending claims; and (3) an order obligating Safeway to reimburse its policyholders for arbitrator fees.

On February 4, 1992, the trial court dismissed both counts of plaintiff's complaint with prejudice, holding that the arbitrators are to decide responsibility for payment of fees and expenses.

■ On appeal, plaintiff first argues that the trial court errone-ously ruled that the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 110) provides authority for arbitrators to decide responsibil-ity for payment of arbitration fees and expenses in resolving unin-sured motorist claims between policyholder and insurer where the subject policy provides for arbitration. Plaintiff asserts that responsibility for arbitration fees and costs is an issue to be decided by the courts and not by the arbitrators. Plaintiff contends that nei-ther section 143 of the Code nor section 10 of the Uniform Arbitra-tion Act (Ill. Rev. Stat. 1985, ch. 10, par. 110) provides clear authority as to whether the insurer is only responsible for one-half of arbitra-tion fees and expenses to resolve uninsured motorist claims. Plaintiff also argues that section 10 conflicts with *Nickla v. Industrial Fire & Casualty Insurance Co.*, 38 Ill. App. 3d 927, 349 N.E.2d 644 (1976). We disagree.

As to plaintiff's first contention, the Illinois legislature has ad-dressed the issue of whether courts or arbitrators determine responsibility for fees and expenses by allowing the arbitrator(s) to decide the award in each case. This legislation is codified in section 10 of the Uniform Arbitration Act, which states as follows:

"Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including attorney's fees, incurred in the conduct of arbitration, shall be paid as provided in the award." Ill. Rev. Stat. 1985, ch. 10, par. 110.

This paragraph expressly states that the award of arbitrator fees is a determination that is to be made by the arbitrators.

Plaintiff's reliance on the holding in *Nickla v. Industrial Fire & Casualty Insurance Co.* is also misguided and not determinative with respect to the instant case, in that it does not address the applicabil-ity of section 10 of the Uniform Arbitration Act. See *Mirabella v. Safeway Insurance Co.*, 114 Ill. App. 3d 680, 449 N.E.2d 258 (1983) (where the court does consider the interplay between the *Nickla v. Industrial Fire & Casualty Insurance Co.* decision and section 10 of the Uniform Arbitration Act).

■ The next issue on appeal is whether the facts contained in count I of plaintiff's complaint sufficiently allege that Safeway's conduct, including the issuance of the subject insurance policy, con-stitutes a breach of section 143a of the Code. Plaintiff asserts that Safeway's conduct constituted a breach, where Safeway expressly refused to pay arbitrator fees and expenses by forwarding two letters to plaintiff, dated May 1 and May 6, 1991. We disagree. Under Il-linois law, there is absolutely no requirement that an insurer agree in advance of arbitration to pay all arbitrator fees.

Here, nothing in the insurance policy or in the May 1 or May 6, 1991, letter from Safeway obligated plaintiff to pay any arbitrator fees or arbitration costs. Moreover, neither the statements contained in the aforementioned letters nor the language of the subject arbitration clause is contrary or inconsistent with the express language of section 143a of the Code.

Section 143a states:

> "No such policy shall be *** issued for delivery in this State *** unless it is provided therein that any dispute with respect to such coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association." Ill. Rev. Stat. 1985, ch. 73, par. 755a.

A motion to dismiss for failure to state a cause of action should only be affirmed where no set of facts can be proved under the pleadings which would entitle plaintiff to relief. *Zeitz v. Village of Greenview*, 227 Ill. App. 3d 891, 894-95, 592 N.E.2d 384, 387 (1992). In reviewing a motion to dismiss, the reviewing court must accept all of the plaintiff's well-pleaded facts as true. *Wilkonson v. Yovetich*, 249 Ill. App. 3d 439, 441, 618 N.E.2d 1120, 1122 (1993). While a motion to dismiss accepts all well-pleaded facts as true, it does not accept conclusions of law or conclusions of fact. *Album Graphics, Inc. v. Beatrice Foods Co.*, 87 Ill. App. 3d 338, 344, 408 N.E.2d 1041, 1046 (1980). Unless it clearly appears that no set of facts could be established that would entitle plaintiff to relief, dismissal with prejudice on Safeway's motion to dismiss for failure to state a claim should not have been made. *Hensler v. Busey Bank*, 231 Ill. App. 3d 920, 923, 596 N.E.2d 1269, 1272 (1992). Here, the facts alleged in plaintiff's complaint do not sufficiently state a cause of action.

A review of the pleadings indicates that Safeway's policy language parallels the provisions of the Code by offering the exact option of arbitration methods as contained in section 143a of the Code. Under the subject policy, either the tripartite system or the AAA may be employed to arbitrate such disputes. As such, there is no inherent contradiction between Safeway's policy and the provisions of section 143a of the Code. Moreover, the aforementioned complaint contains no other factual allegations establishing that Safeway's conduct or policies gave rise to any cause of action under section 143a of the Code under which plaintiff would be entitled to relief.

■ The third issue on appeal is whether the arbitration clause contained in the subject policy is vague and ambiguous relative to an insurer's obligation to comply with section 143a of the Code as to the payment of arbitrator fees and expenses. Here, Safeway's policy is not ambiguous and tracks the language of section 143a itself, which does not in any way address the issue of arbitrator fees and allocation thereof. As such, plaintiff's argument that Safeway has breached section 143a with respect to fees is unpersuasive.

■ The next issue on appeal is whether Safeway's conduct in some way reduces or dilutes coverage, misrepresents benefit amounts, or creates a likelihood of confusion or misunderstanding as it relates to payment of arbitrator fees. Here, the complaint contains no facts that establish that Safeway's conduct in some way reduces or dilutes coverage, misrepresents benefit amounts, or creates a likelihood of confusion or misunderstanding as alleged in his complaint. The statements contained in the aforementioned letters cannot be construed in any manner that would reduce or dilute coverage amounts, as alleged in count I of plaintiff's complaint. Without a factual basis for plaintiff's allegations, his complaint is merely conclusory and fails to state a cause of action.

■ The final issue on appeal is whether count II of plaintiff's complaint alleges facts sufficient to establish a cause of action under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121$^1$/$_2$, par. 262). Here, plaintiff's claim is again based on Safeway's refusal to pay arbitration fees. Count II of plaintiff's complaint also fails to state a cause of action and was properly dismissed by the trial court. Count II of the complaint fails to allege a duty to pay arbitration fees or how refusal to pay such fees amounts to consumer fraud or constitutes an unfair business practice. Section 2 of the Consumer Fraud and Deceptive Business Practices Act states in pertinent part:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of *** such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act,' *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." Ill. Rev. Stat. 1985, ch. 121$^1$/$_2$, par. 262.

Here, the complaint does not contain a single factual allegation of unfair or deceptive acts or practices. Nor does plaintiff's complaint contain any contention that Safeway engaged in such practices.

Plaintiff merely incorporates by reference the allegations of count I and concludes that these allegations also violate the Consumer Fraud and Deceptive Business Practices Act. Plaintiff's mere claim of such conduct, without pleading additional facts, does not give rise to a cause of action and, as such, the trial court also properly dismissed count II of his complaint.

For the aforementioned reasons, we affirm the trial court's order dismissing counts I and II of plaintiff's complaint.

Affirmed.

CAMPBELL, P.J., and WOLFSON, J., concur.